ROMAN CATHOLIC DIOCESE OF LEXINGTON Appellant

v.

Mary NOBLE, Judge, Fayette Circuit Court Appellee

and

The Lexington Herald–Leader Co., Inc.; and Cape Publications, Inc., d/b/a the Courier–Journal Real Parties in Interest

No. 2002–SC–0659–MR.

Supreme Court of Kentucky.

Dec. 19, 2002.

---

## *OPINION AND ORDER*

This matter is before the Court on the motion of the Roman Catholic Diocese of Lexington (Diocese) to hold the Courier–Journal in contempt of Court. The motion is based on the publication by the Courier–Journal of an article on August 24, 2002, which published a summary of the contents of records that were ordered sealed by this Court on August 16, 2002. For a further procedural history of this case and how the records came to be sealed, *see Roman Catholic Diocese of Lexington v. Noble*, Ky., 92 S.W.3d 724 (2002). For the sake of this motion, we assume that it is true that the Courier–Journal's article does contain the sum and substance of the records that were ordered sealed by this Court. We conclude that this act of publication, in and of itself, does not constitute contempt of court. Therefore, we deny the motion.

■ At issue here is what restraints the Court's order sealing the records had on the Courier–Journal's right to publish the contents of the sealed material. If the order precluded any and all publication and dissemination of the information, this would entail prior restraint and would be subject to heightened First Amendment scrutiny. *Cape Publications, Inc. v. Braden*, Ky., 39 S.W.3d 823, 826 (2001) ("prior restraint on news gathering must be 'necessitated by a compelling governmental interest' and must be 'narrowly tailored to serve that interest'"). Our order did not go so far. An order sealing a record or part thereof should not be read as creating a prior restraint on publication of the contents of the sealed material, unless the order expressly says so. Thus, the restraint on publication placed by our order went no further than precluding the Courier–Journal from publishing or disseminating any information obtained directly from the court records or through court process. It did not preclude independent investigation of the contents of the material contained in the record. A case closely on point is *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 2209, 81 L.Ed.2d 17, 29 (1984).

In *Seattle Times*, a religious group sued the Seattle Times for defamation and invasion of privacy. *Id.* at 23, 104 S.Ct. at 2202, 81 L.Ed.2d at 21. During the course of discovery, the trial court issued an order

requiring the religious group to disclose a list of the group's founders and donors. *Id.* at 25, 104 S.Ct. at 2203, 81 L.Ed.2d at 22. But in so doing, the trial court entered a protective order prohibiting the Seattle Times from publishing or otherwise disseminating the material. *Id.* at 27, 104 S.Ct. at 2204, 81 L.Ed.2d at 23. The Seattle Times appealed from the protective order to the Washington Supreme Court on grounds that the order violated its First Amendment Rights. *Id.* In affirming the courts below, the *Seattle Times* Court concluded that there had been no First Amendment violation:

> [A]n order prohibiting dissemination of discovered information before trial is not the kind of classic prior restraint that requires exacting First Amendment scrutiny. As in this case, such a protective order prevents a party from disseminating only that information obtained through use of the discovery process. Thus, the party may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes.

*Id.* at 33–34, 104 S.Ct. at 2208, 81 L.Ed.2d at 27.

■ Unlike *Seattle Times*, the sealed material in this case was not obtained through discovery. Rather, it consists of certain allegations that were struck from the underlying plaintiffs' first amended complaint on grounds that it was not relevant to the gravamen of the plaintiffs' stated cause of action. This distinction, if anything, weighs in favor of allowing the Courier–Journal to publish the information. *See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts,* 913 F.2d 89, 93 (3d Cir.1990) (*Seattle Times* "good cause" standard for issuing a protective order does not apply to court records and proceedings that are open to the public at common law.). Thus, *Seattle Times* remains instructive on the issue of whether the Courier–Journal violated this Court's order in publishing its August 24, 2002 article describing the contents of the sealed allegations.

Therefore, holding a show cause hearing is not warranted in this case because the Diocese does not allege in its motion that the Courier–Journal article was based on material obtained through court process or from court files. Further, at oral argument in the underlying case, counsel for the Courier–Journal stated that neither counsel nor the Courier–Journal had seen or had received copies of the sealed material. Counsel for the Diocese conceded that this was so.

Because there is no apparent grounds to support it, the Diocese's motion to hold the Courier–Journal in contempt of Court is hereby denied. Additionally, all other motions filed and still pending in connection with the case of *Roman Catholic Diocese of Lexington v. Noble,* Ky., 92 S.W.3d 724 (2002), including, but not limited to, all motions to strike, to supplement and to intervene, are denied as moot.

LAMBERT, C.J.; COOPER, JOHNSTONE, KELLER, and STUMBO, JJ., concur.

GRAVES and WINTERSHEIMER, JJ., dissent and would hold that show cause orders should not be dismissed in the absence of testimony under oath.

Entered: December 19, 2002.

/s/ Joseph E. Lambert
CHIEF JUSTICE